

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ODALMY RUIZ**
*Assistant Corporation Counsel*
Phone: (212) 356-5053
Fax: (212) 356-3509
odaruiz@law.nyc.gov

July 14, 2025

**By ECF**
Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY, 10007

> If Plaintiff wishes to respond to this letter, she shall do so by July 28, 2025. Failure to respond may be grounds alone for granting the relief requested.
>
> SO ORDERED:
>
> 7/21/2025
>
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

Re: Jasmine Marie Ruiz v. Captain King
24 Civ. 5850 (AT) (RWL)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing Captain Asia King in the above referenced matter. Defendant King writes to respectfully move the Court to compel pro se Plaintiff Jasmine Marie Ruiz to provide her initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and in accordance with the Court's Civil Case Management Plan and Scheduling Order (ECF Dkt No. 20).

    By way of background, on March 27, 2025, the Court entered a discovery schedule that established April 18, 2025 as the deadline to serve initial disclosures. (Id.) Defendant King has timely served her initial disclosures. Subsequently, Plaintiff requested and was granted an extension until May 9, 2025, to serve her disclosures. (ECF Dkt. No. 22). Notwithstanding, Plaintiff filed a document titled "Plaintiff Ruiz Objections and Responses to Defendant Local Rule 33.2 Interrogatories and Requests For Production of Documents and Defendant King's Answer to the Complaint". (ECF Dkt. No. 23). Upon review, Defendant determined that this document is unresponsive and not in accord with Plaintiff's discovery obligations.

    To date, Plaintiff has failed to serve her initial disclosures, despite multiple reminders and requests from defense counsel over the past two months, including a recent letter mailed to her on June 27, 2025. Plaintiff has neither provided the required disclosures nor offered any substantive explanation for her failure to comply with the Court's Order.

    Federal Rule of Civil Procedure 26(a)(1) mandates that parties provide initial disclosures without awaiting a discovery request. These disclosures must include:

- The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses;

- A copy or description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses;

- A computation of each category of damages claimed by the disclosing party; and

- Any insurance agreement that may cover the claims at issue.

These requirements are fundamental to the discovery process and ensure that all parties have access to basic information necessary to litigate the case efficiently. Plaintiff's failure to provide initial disclosures two months after the Court-Ordered deadline prejudices Defendant's ability to prepare her defense and impedes the orderly progression of this litigation. Defendant King has made good faith efforts to secure Plaintiff's compliance without the need for Court intervention. Defendant King has even requested that Plaintiff provide a phone number where she can be reached, as all attempts to contact her have been limited to written correspondence, for which she has not provided a response. Aside from a recent address change notification, Plaintiff has not provided any other means of contact or attempted to prosecute her case in any meaningful way.

For these reasons, Defendant respectfully requests that the Court:

1. Order Plaintiff to serve her initial disclosures within seven (7) days of the Court's Order under penalty of dismissal;

2. Order Plaintiff to respond to the document requests;

3. Clarify for Plaintiff that discovery is underway and that she must comply with all discovery obligations;

4. Order Plaintiff to provide additional contact information, if she possesses any;

5. Advise Plaintiff that failure to comply may result in preclusion of evidence not properly disclosed pursuant to Rule 37(c)(1); and

6. Grant such other relief as the Court deems just and proper.

Defendant thanks the Court for its time and consideration of this request.

Respectfully submitted,

*Odalmy Ruiz /s/*
Odalmy Ruiz
Attorney for Defendant Captain King
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-5053
odaruiz@law.nyc.gov

Cc: **VIA FIRST CLASS MAIL**
Jasmine Marie Ruiz – *Pro Se Plaintiff*
800 Victory Blvd, #3V
Staten Island, NY 10301